IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVSION

| | | |
|---|---|---|
| ORGANOGENESIS INC., a corporation | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:24-CV-00006-Z |
| | § | |
| RUSSELL MELCHER | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT RUSSELL MELCHER'S ANSWER TO COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant RUSSELL MELCHER ("Melcher" or "Defendant"), by and through his counsel of record, Young Firm PC, responds to Plaintiff's Complaint [Doc. 1], and respectfully states the following:

1. Paragraph 1 of Plaintiff's Complaint is not an allegation that must be admitted or denied.

2. Melcher denies the last sentence of paragraph 2 of Plaintiff's Complaint, but otherwise admits the statements regarding Organogenesis's business.

3. Melcher admits paragraph 3 of Plaintiff's Complaint.

4. Melcher denies paragraph 4 of Plaintiff's Complaint.

5. Melcher denies paragraph 5 of Plaintiff's Complaint.

6. Melcher denies paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint is not an allegation that must be admitted or denied.

## I.
## THE PARTIES

8. Melcher admits paragraph 8 of Plaintiff's Complaint.

9. Melcher admits paragraph 9 of Plaintiff's Complaint.

10. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 11 of Plaintiff's Complaint.

## II.
## JURISDICTION AND VENUE

12. Melcher denies paragraph 12 of Plaintiff's Complaint.

13. Melcher admits paragraph 13 of Plaintiff's Complaint.

14. Melcher admits paragraph 14 of Plaintiff's Complaint.

15. Melcher admits paragraph 15 of Plaintiff's Complaint.

## III.
## FACTUAL ALLEGATIONS

### Organogenesis's Investments in Product Innovation, Sales Strategies, and Training

16. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. Melcher admits paragraph 25 of Plaintiff's Complaint.

26. Melcher denies paragraph 26 of Plaintiff's Complaint.

27. Melcher denies paragraph 27 of Plaintiff's Complaint.

28. Melcher denies paragraph 28 of Plaintiff's Complaint.

**Melcher Signs the Non-Compete Agreement as a Condition of His Employment.**

29. Melcher admits that he executed the Non-Compete Agreement attached as Exhibit 1 to Plaintiff’s Complaint. Otherwise, Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. Melcher denies paragraph 30 of Plaintiff’s Complaint, as it reads.

31. Melcher denies paragraph 31 of Plaintiff's Complaint.

32. Melcher denies paragraph 32 of Plaintiff's Complaint.

33. Melcher denies paragraph 33 of Plaintiff's Complaint.

34. Melcher denies paragraph 34 of Plaintiff's Complaint.

**Melcher's Role at Organogenesis**

35. Melcher admits paragraph 35 of Plaintiff's Complaint.

36. Melcher admits paragraph 36 of Plaintiff's Complaint.

37. Melcher denies paragraph 37 of Plaintiff's Complaint.

38. Melcher admits paragraph 38 of Plaintiff's Complaint.

39. Melcher denies paragraph 39 of Plaintiff's Complaint.

40. Melcher admits paragraph 40 of Plaintiff's Complaint.

41. Melcher admits paragraph 41 of Plaintiff's Complaint but denies that Dr. Roger Wolcott is the medical director for multiple rehabilitation centers in the West Texas Territory.

**Sales in Melcher's Territory Plummet**

42. Melcher admits paragraph 42 of Plaintiff's Complaint.

43. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 43 of Plaintiff's Complaint.

44. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 44 of Plaintiff's Complaint.

45. Melcher denies paragraph 45 of Plaintiff's Complaint.

46. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 46 of Plaintiff's Complaint.

47. Melcher denies paragraph 47 of Plaintiff's Complaint.

**Melcher Operates a Scheme to Sell Competitive Products to Organogenesis's Customers While Still Employed by the Company**

48. Melcher denies paragraph 48 of Plaintiff's Complaint.

49. Melcher denies paragraph 49 of Plaintiff's Complaint.

50. Melcher denies paragraph 50 of Plaintiff's Complaint.

51. Melcher denies paragraph 51 of Plaintiff's Complaint.

52. Melcher admits paragraph 52 of Plaintiff's Complaint only to the extent that the allegation recites the contents of Exhibit 2.

53. Melcher admits paragraph 53 of Plaintiff's Complaint only to the extent that the allegation recites the contents of Exhibit 2.

54. Melcher admits paragraph 54 of Plaintiff's Complaint only to the extent that the allegation recites the contents of Exhibit 2.

55. Melcher admits paragraph 55 of Plaintiff's Complaint only to the extent that the allegation recites the contents of Exhibit 4.

56. Melcher admits paragraph 56 of Plaintiff's Complaint only to the extent that the allegation recites the contents of Exhibit 5.

57. Melcher denies paragraph 57 of Plaintiff's Complaint, with regard to Melcher's "using his Rogue Medical email address." Otherwise, MELCHER admits paragraph 57 of Plaintiff's Complaint only to the extent that the allegation recites the contents of Exhibit 6.

58. Melcher denies paragraph 58 of Plaintiff's Complaint.

59. Melcher denies paragraph 59 of Plaintiff's Complaint.

60. Melcher denies paragraph 60 of Plaintiff's Complaint.

61. Melcher admits paragraph 61 of Plaintiff's Complaint only to the extent that the allegation recites the contents of Exhibit 7.

62. Melcher denies the last sentence of paragraph 62 of Plaintiff's Complaint, but otherwise admits the first part of paragraph 62.

63. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in paragraph 63 of Plaintiff's Complaint.

64. Melcher denies the first sentence paragraph 64 of Plaintiff's Complaint. Melcher is without sufficient knowledge or information to either admit or deny the allegations set forth in the second sentence of paragraph 63 of Plaintiff's Complaint.

65. Melcher denies paragraph 65 of Plaintiff's Complaint.

66. Melcher denies paragraph 66 of Plaintiff's Complaint.

67. Melcher denies paragraph 67 of Plaintiff's Complaint.

68. Melcher denies paragraph 68 of Plaintiff's Complaint.

## IV.
## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT
### Non-Compete and Non-Solicitation Clause

69. Paragraph 69 of Plaintiff's Complaint is not an allegation that must be admitted or denied.

70. Melcher denies paragraph 70 of Plaintiff's Complaint.

71. Melcher denies paragraph 71 of Plaintiff's Complaint

72. Melcher denies paragraph 72 of Plaintiff's Complaint

73. Melcher denies paragraph 73 of Plaintiff's Complaint

### COUNT II – BREACH OF CONTRACT
### Misuse of Confidential Information

74. Paragraph 74 of Plaintiff's Complaint is not an allegation that must be admitted or denied.

75. Melcher denies paragraph 75 of Plaintiff's Complaint.

76. Melcher denies paragraph 76 of Plaintiff's Complaint.

77. Melcher denies paragraph 77 of Plaintiff's Complaint.

78. Melcher denies paragraph 78 of Plaintiff's Complaint.

## COUNT III

## Misappropriation of Trade Secrets Under the Texas Uniform Trade Secrets Act (Tex. Civ. Prac. & Rem. Code § 134A)

79. Paragraph 79 of Plaintiff's Complaint is not an allegation that must be admitted or denied.

80. Melcher denies paragraph 80 of Plaintiff's Complaint.

81. Melcher denies paragraph 81 of Plaintiff's Complaint.

82. Melcher denies paragraph 82 of Plaintiff's Complaint.

83. Melcher denies paragraph 83 of Plaintiff's Complaint.

84. Melcher denies paragraph 84 of Plaintiff's Complaint.

85. Melcher denies paragraph 85 of Plaintiff's Complaint.

86. Melcher denies paragraph 86 of Plaintiff's Complaint.

87. Melcher denies paragraph 87 of Plaintiff's Complaint.

88. Melcher denies paragraph 88 of Plaintiff's Complaint.

89. Melcher denies paragraph 89 of Plaintiff's Complaint.

90. Melcher denies paragraph 90 of Plaintiff's Complaint.

## COUNT IV

## Misappropriation of Trade Secrets Under the Defend Texas Trade Secrets Act of 2016 (18 U.S.C. § 1836)

91. Paragraph 91 of Plaintiff's Complaint is not an allegation that must be admitted or denied.

92. Melcher denies paragraph 92 of Plaintiff's Complaint.

93. Melcher denies paragraph 93 of Plaintiff's Complaint.

94. Melcher denies paragraph 94 of Plaintiff's Complaint.

95. Melcher denies paragraph 95 of Plaintiff's Complaint.

96. Melcher denies paragraph 96 of Plaintiff's Complaint.

97. Melcher denies paragraph 97 of Plaintiff's Complaint.

98. Melcher denies paragraph 98 of Plaintiff's Complaint.

99. Melcher denies paragraph 99 of Plaintiff's Complaint.

100. Melcher denies paragraph 100 of Plaintiff's Complaint.

101. Melcher denies paragraph 101 of Plaintiff's Complaint.

102. Melcher denies paragraph 102 of Plaintiff's Complaint.

103. Melcher denies paragraph 103 of Plaintiff's Complaint.

**COUNT V – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

104. Paragraph 104 of Plaintiff's Complaint is not an allegation that must be admitted or denied.

105. Melcher admits that Organogenesis has long-standing and significant business relationships with its existing customers but otherwise denies paragraph 105 of Plaintiff's Complaint.

106. Melcher denies paragraph 106 of Plaintiff's Complaint.

107. Melcher denies paragraph 107 of Plaintiff's Complaint.

108. Melcher denies paragraph 108 of Plaintiff's Complaint.

**COUNT VI – BREACH OF DUTY OF LOYALTY**

109. Paragraph 109 of Plaintiff's Complaint is not an allegation that must be admitted or denied.

110. Melcher denies paragraph 110 of Plaintiff's Complaint.

111. Melcher denies paragraph 111 of Plaintiff's Complaint.

112. Melcher denies paragraph 112 of Plaintiff's Complaint.

113. Melcher denies paragraph 113 of Plaintiff's Complaint.

114. Melcher denies paragraph 114 of Plaintiff's Complaint.

115. Melcher denies paragraph 115 of Plaintiff's Complaint.

**REQUEST FOR RELIEF**

116. Melcher denies that Plaintiff is entitled to the Request for Relief.

**JURY DEMAND**

117. Plaintiff's Jury Demand is not an allegation that must be admitted or denied.

**GENERAL DENIAL**

1. Melcher denies every allegation contained in Plaintiff's Complaint or its prayer for relief except for those allegations specifically admitted above.

**DEFENSES**

2. Plaintiff's claims fail, in whole or in part, because the Non-Compete Agreement attached to Plaintiff's Complaint is void and unenforceable under Texas and/or Massachusetts law on one or more of the following grounds:

a. It is not ancillary to an otherwise enforceable agreement;

b. It is overly broad and not reasonably limited in either time or geographic scope;

c. It was not signed by a representative of the Plaintiff;

d. It is not supported by adequate consideration;

e. Defendant was not given the opportunity to consult counsel prior to signing it; and

f. Defendant was not afforded notice as required by law.

3. Plaintiff is not entitled to damages, if any, unless and until the Non-Compete Agreement may be reformed by the Court and then, only for damages accruing after such reformation.

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and/or estoppel.

5. Plaintiff's claims are barred, in whole or in part based on Plaintiff's own bad faith and/or unclean hands.

6. To the extent Texas law may be found to apply, which Defendant denies, Plaintiff's claims for damages and attorney's fees are barred, in whole or in part, or otherwise limited by Texas Business and Commerce Code §§15.51 and 15.52.

7. Plaintiff's claims fail, in whole or in part, due to Plaintiff's failure to mitigate damages, if any.

8. Defendant denies that any alleged trade secret is not publicly available or readily ascertainable by independent investigation.

9. Plaintiff's claims must fail because Defendant at all times acted in good faith.

10. Defendant denies that all conditions precedent to recovery have been met and/or performed.

11. Defendant is not liable for exemplary damages because he did not act with malice, fraud, or wanton disregard for Plaintiff's rights.

12. Defendant demands strict proof of punitive and/or exemplary damages by clear and convincing evidence of each element of such damages. Defendant gives notice that he will rely upon the rights and limitations concerning exemplary and punitive damages contained in the laws of Texas and/or Massachusetts, under the Texas and/or Massachusetts Constitutions, and under the United States Constitution.

13. Defendant reserves the right to further plead or answer including the right to raise additional affirmative defenses in this matter as discovery occurs in compliance with any applicable scheduling order.

**WHEREFORE**, Defendant Russell Melcher requests that, after a trial or summary adjudication, the Court grant a take-nothing judgment in his favor and award his taxable costs. Russell Melcher further requests all other relief, at law and in equity, to which he is justly entitled.

Respectfully submitted,

YOUNG FIRM, PC

By: /s/ Jeremi K. Young

Jeremi K. Young, TX SBN 24013793
905 S. Fillmore, Suite 101
Amarillo, Texas 79101
Tel: (806) 331-1800
Fax: (806) 398-9095
jyoung@youngfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 1st day of February, 2024, the foregoing document was electronically transmitted to the Clerk of the Court for filing via the Court's ECF System, and service of Notice of Electronic Filing was made to the ECF registrants shown below:

Richard Biggs
Mullin Hoard & Brown, LLP
500 South Taylor, Suite 800, LB 213
P.O. Box 31656
Amarillo, Texas 79120-1656
E-mail: rbiggs@mhba.com

Michael Rosen
Leah S. Rizkallah
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2699
Email: mrosen@foleyhoag.com
lrizkallah@foleyhoag.com

By: /s/ Jeremi K. Young
Jeremi K. Young