IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ORGANOGENESIS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:24-cv-006-BR |
| | § | |
| RUSSELL MELCHER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Defendant Russell Melcher's ("Defendant") Motion for Partial Summary Judgment. (ECF 56). By that Motion, Defendant moves the Court to grant him summary judgment on Organogenesis, Inc.'s ("Plaintiff") breach of contract claims, Counts I and II of Plaintiff's Complaint. (*Id.*; ECF 57 at 1; *see also* ECF 1 at 16-18). After considering the Motion, Response, Reply, and applicable law, Defendant's Motion (ECF 56) is GRANTED only as to the Court's findings: (1) that the parties' non-compete clause within their Invention, Non-Disclosure and Non-Competition Agreement ("Agreement") is unenforceable;  (2) that the non-compete clause should be reformed to only include Defendant's sales territories and management; and (3) as such, within Count I of its Complaint, that Plaintiff may only seek injunctive relief. Additionally, Defendant's Motion is DENIED as to Count II of Plaintiff's Complaint and is DENIED without prejudice as to Defendant's request for attorney fees under Texas Business and Commerce Code Section 15.51.

## I.    BACKGROUND

Plaintiff sued Defendant, a former employee, alleging that Defendant breached the parties' Agreement, attached to Defendant's original employment offer, and seeking damages, as well as seeking to "enjoin further harm caused by [Defendant's] violations of his contractual and legal duties." (ECF 1 at

1). Plaintiff's breach of contract claims, Counts I and II of its Complaint, center upon specific clauses within the Agreement. (ECF 1 at 16-18; ECF 58 at 4-10).

Count I addresses the non-compete clause within the Agreement, stating, in part, that Defendant

for the term of his or her association with the Company and a period of two years thereafter, regardless of the reasons for termination thereof, with or without cause, he or she will not participate within the United States, Canada, Western Europe or Japan as an owner, stockholder…manager, agent, consultant, director, …salesperson or employee of any other business, firm or corporation.

(ECF 58 at 7). Count II addresses the Agreement's unauthorized disclosure clause and alleges that Defendant breached that clause through misuse of confidential information.

Additionally, the Agreement contained a Governing Law provision providing that the "[a]greement shall be governed under and construed in accordance with the laws of the Commonwealth of Massachusetts." (ECF 58 at 10). Defendant signed the Agreement on July 6, 2014. (*Id.*).

Defendant's sales territory, when Plaintiff initially hired him as a Tissue Regeneration Specialist sales representative, included seven Texas cities: Lubbock, Amarillo, Midland, Odessa, Abilene, San Angelo, and Big Spring ("West Texas Territory"). (ECF 58, APPX. 1-2). When Plaintiff promoted Defendant to Senior Tissue Regeneration Specialist, the sales territory remained the same. (ECF 58, APPX. 2). Plaintiff then promoted Defendant to Regional Sales Manager, and he performed this role in conjunction with his role as Senior Tissue Regeneration Specialist. The sales territory included the same West Texas Territory, with added management duties for the Texas cities of El Paso, San Antonio, and Lubbock. (*Id.*).

## II.    LEGAL STANDARD

"The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses." *Fid. & Deposit Co. of Maryland v. M. Hanna Constr. Co.*, No. 4:14-CV-170, 2015 WL 632047, at *1 (E.D. Tex. Feb. 13, 2015). Summary judgment is warranted when the pleadings, depositions,

admissions, disclosure materials on file, and affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1). A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To demonstrate a genuine issue of material fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmoving party must show that the evidence is sufficient to resolve issues of material fact in its favor. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

When evaluating a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The moving party initially bears the burden of demonstrating the absence of a genuine issue of material fact. *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998).

## III.    ANALYSIS

### A. Defendant's Motion for Partial Summary Judgment is denied as to Count II—Breach of Contract, Misuse of Confidential Information.

Defendant's Motion and Brief in Support of Its Motion for Partial Summary Judgment ("Defendant's Brief"), begins by broadly "requesting that the Court grant Defendant summary judgment on Plaintiff's breach of contract *claims*." (ECF 56) (referring multiple times to seeking summary judgment on Plaintiff's claims for breach of contract); (ECF 57 at 1) (Brief) (emphasis added). However, Defendant's arguments within his brief solely address Count I. Neither Defendant's Brief nor Appendix raise any facts or arguments disputing Plaintiff's Count II, relating to the alleged breach of the unauthorized disclosure clause through Defendant's supposed misuse of confidential information.

Plaintiff asserts, in its Response, that Defendant's Motion for Partial Summary Judgment is limited to Count I: "Melcher now moves for partial summary judgment only as to Count I…on the grounds that the agreement is unenforceable." (ECF 65 at 1). Defendant's Reply Brief ("Defendant's Reply") does not address Plaintiff's assertion and only rebuts Plaintiff's opposition to Count I.

Federal Rule of Civil Procedure Rule 56(a) provides that "[a] party may move for summary judgment, *identifying each claim or defense*–or *the part of each claim or defense*—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added); *see also Cont'l Carbon Co. v. Am. Int'l Specialty Lines Ins. Co.*, No. CIV.A. H-05-1187, 2006 WL 1442237, at *5 (S.D. Tex. May 23, 2006) ("The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues."). Defendant did not demonstrate the absence of a genuine dispute as to any material fact regarding Count II. Therefore, the Court denies Defendant's motion as to Count II—Breach of Contract, Misuse of Confidential Information.

**B. The choice-of-law provision within the Agreement is unenforceable.**

There is no dispute that Plaintiff and Defendant executed an Agreement providing that the "[a]greement shall be governed under and construed in accordance with the laws of the Commonwealth of Massachusetts." (ECF 58 at 10). Additionally, there is no dispute between the parties that the choice-of-law provision is unenforceable, and that Texas law applies. (ECF 57 at 4; 65 at 7). Accordingly, the Court will apply Texas law to the Agreement to determine if it is enforceable.

1. **The Agreements' non-compete clause contains unreasonable limitations as to the geographical area.**

Texas courts generally consider the "territory in which the employee worked for the employer" to be a reasonable geographic restriction. *TransPerfect Translations, Inc. v. Leslie*, 594 F.Supp.2d 742, 754 (S.D. Tex. 2009); *Daily Instruments Corp. v. Heidt*, 998 F. Supp. 2d 553, 567 (S.D. Tex. 2014); *Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143 (5th Cir. 2017) ("Texas courts generally enforce covenants that are restricted to the geographic territory within which the bound employee worked during his employment."). Thus, the wider an employee's work or sales territory, the greater the likelihood of a wider geographic restriction. *Daily Instruments Corp. v. Heidt*, 998 F. Supp. 2d 553, 567–68 (S.D. Tex. 2014); *M–I LLC v. Stelly*, 733 F.Supp.2d 759, 798 (S.D. Tex. 2010) (Ellison, J.) (citing *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 295 (5th Cir. 2004)). Additionally, if employees are engaged in upper management positions, and/or business relationships or direct sales responsibilities with international clients, the greater the likelihood Texas courts will find a broader geographic scope reasonable. *Daily Instruments Corp. v. Heidt*, 998 F. Supp. 2d 553, 567–68 (S.D. Tex. 2014).

In the instant matter, as Defendant asserts, the non-compete clause "covers many states, countries, and even parts of a continent where [Defendant] never did anything for [Plaintiff]." (ECF 57 at 10). Defendant's sales territory never extended beyond the West Texas Territory, and his management territory, though wider, remained in Texas. (ECF 58, Appx. 1-2); *Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143 (5th Cir. 2017). Additionally, Defendant was never employed in the highest management positions or had business relationships or engaged with international clients. *Daily Instruments Corp. v. Heidt*, 998 F. Supp. 2d 553, 567–68 (S.D. Tex. 2014). Therefore, the Court finds that the non-compete clause's geographic restriction is unreasonable.

### 2. Reformation of the parties' non-compete clause is required.

Texas Business and Commerce Code Section 15.51 ("Section 15.51") requires reformation of unreasonable covenants. Because the parties' non-compete clause is overbroad, reformation is automatic. Accordingly, Defendant's sales territory, the seven cities in the West Texas Territory, as well as his management territory including San Antonio and El Paso, constitutes a reasonable geographic restriction. *Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143 (5th Cir. 2017). Additionally, the reformation clause of Section 15.51 limits Plaintiff's relief within Count I to injunctive relief. *See GE Betz Inc. v. Moffitt-Johnson*, S.D.Tex.2014, 301 F.Supp.3d 668, *affirmed in part* 885 F.3d 318.

### C. Defendant is not entitled to attorney's fees under the current record.

Finally, Defendant asserts that Plaintiff "should be ordered to pay costs and attorney's fees" as contemplated under Section 15.51(c) of the Texas Business and Commerce Code. However, Plaintiff responds that Defendant failed to meet his burden under Section 15.51. (ECF 65 at 8).

Under Section 15.51, awarding attorney's fees is within the Court's discretion. "Because the statute provides that 'the court may award' attorney's fees, the award of attorney's fees is within the trial court's discretion and is not mandatory." *Sentinel Integrity Sols., Inc. v. Mistras Grp., Inc*., 414 S.W.3d 911, 924 (Tex. App.– Houston [1st Dist.] 2013, pet. denied). Section 15.51 provides that if: (1) " the promisor establishes that the promisee knew at the time of the execution of the agreement" that the covenant contained unreasonable limitations and "the limitations imposed a greater restraint than necessary to protect the goodwill or other business interest of the promise"; (2) "the promisee sought to enforce the covenant to a greater extent than was necessary to protect the goodwill or other business interest of the promise"; (3) "the court may award the promisor the costs, including reasonable attorney's fees, actually and reasonably incurred by the promisor in defending the action to enforce the covenant." Tex. Bus. & Com. Code § 15.51.

Notably, the Defendant, as the promisor, bears the burden of proof. *GE Betz, Inc. v. Moffitt-Johnston*, 885 F.3d 318, 329 (5th Cir. 2018) ("Moffitt-Johnston bore the burden of proof as to both of these prerequisites but failed to carry that burden. As GE asserted … there is no evidence that GE knew, 'at the time of the execution of the agreement,' that the non-solicitation agreement was unreasonable, assuming that it was."). Thus, the promisor must establish promisee knew the agreement was overbroad at the time the agreement was made.

### 1. Defendant has not established that Plaintiff knew the Agreement was overbroad at the time the Agreement was made.

Defendant argues that Plaintiff knew the non-compete clause was overbroad because Plaintiff, in a similar dispute within the U.S. District Court of Nevada, conceded—and the Nevada Court so found—that the geographic restriction in that case was overbroad. *Organogenesis, Inc., v. Ness*, No. 2-16-CV-00989-GMN-CWH, 2016 WL 3002375, at *4 (D. Nev. May 23, 2016). Defendant asserts that Plaintiff's concession within *Ness* proves Plaintiff knew, at the time this 2014 Agreement was signed, that it was overbroad. (ECF 57 at 12). Plaintiff counters that "there is no competent evidence of [Defendant's] knowledge in 2014" because Plaintiff and Defendant signed the Agreement in 2014 and *Ness* was decided subsequently, in 2016. (ECF 65 at 9).

Defendant's contention rests upon Plaintiff's alleged knowledge within the *Ness* matter: "As is evidenced by its concession in the *Ness* case, Organogenesis knew that the NCA was geographically overbroad, yet Organogenesis brought this suit to enforce it anyway." (ECF 57 at 12). Within his Reply, Defendant appears to also assert that Plaintiff's knowledge is shown "[w]hen Organogenesis filed this lawsuit to enforce a NCA that it knew was legally unenforceable (at least 7 years after the Ness suit)." (ECF 69).

However, Section 15.51(c)'s knowledge standard is measured at the time of executing the agreement. Section 15.51(c) is clear that the promisor must establish that the promisee "knew at the time

of the execution of the agreement that the covenant did not contain limitations as to time, geographical area, and scope of activity to be restrained that were reasonable and the limitations imposed a greater restraint than necessary to protect the goodwill or other business interest of the promise." Tex. Bus. & Com. Code § 15.51. Fatal to Defendant's argument is the fact the parties signed the Agreement in 2014, and *Ness* was decided in 2016. Defendant does not raise sufficient facts to show that Plaintiff knew at the time of the agreement's execution that the Agreement's non-compete clause was overbroad.

### 2. Defendant failed to conclusively prove the Agreement's non-compete clause is overbroad in respect to time and scope of activity.

To find a non-compete clause overbroad, a promisor, such as Defendant, must establish that the clause was overbroad in all three respects: time, geographical area, and scope of activity to be restrained. *Sentinel Integrity Sols., Inc. v. Mistras Grp., Inc*., 414 S.W.3d 911, 924 (Tex. App.– Houston [1st Dist.] 2013, pet. denied); *see also Weber Aircraft, L.L.C. v. Krishnamurthy*, No. 4:12-CV-666, 2014 WL 12601032, at *4 (E.D. Tex. Dec. 11, 2014), *report and recommendation adopted*, No. 4:12CV666, 2015 WL 12765997 (E.D. Tex. Mar. 16, 2015) ("[T]he statute uses the conjunction 'and' which requires knowledge that the restraint is overbroad in all three respects."). Plaintiff asserts that Defendant "has made no argument as to the non-competition provision's time and scope of activity being unenforceable under Texas law." (ECF 65 at 10). Defendant asserts only that the non-compete clause is geographically overbroad. (ECF 57 8-12). Defendant does not address whether the non-compete clause's restraint of time or limitation on the scope of activity to be restrained is overbroad. (ECF 58 at 7). Defendant has failed to show as a matter of law that the clause is overbroad as to time and scope of activity.

The Court is cognizant of Defendant's alternative request to abate and allow additional discovery regarding the award of costs and attorney's fees. (ECF 69 at 3). Because Defendant, at the summary judgment stage, has not shown as a matter of law that the Agreement was overbroad in all three respects: time, geographical area, and scope of activity, the Court finds he is not entitled to attorney's fees under

the current record. This finding does not prohibit Defendant from conducting discovery on these issues and re-urging his request under Section 15.51 at a later stage of the litigation.

## IV.    CONCLUSION

Defendant's Motion (ECF 56) is GRANTED only as to the Court's findings: (1) that the parties' non-compete clause within their Agreement is unenforceable; (2) that the non-compete clause is reformed to only include Defendant's sales and management territories within Texas; and (3) as such, within Count I, that Plaintiff may only seek injunctive relief.

Additionally, Defendant's Motion is DENIED as to Count II and is DENIED without prejudice as to Defendant's request for attorney fees under Texas Business and Commerce Code Section 15.51.

**IT IS SO ORDERED.**

ENTERED March 11, 2025.

_Lee Ann Reno_
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE