IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ORGANOGENESIS INC., a corporation, <br><br> Plaintiff, <br> v. <br> RUSSELL MELCHER, <br><br> Defendant. | Civil Action No. 2:24-CV-006-Z-BR |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE
TO FILE SECOND MOTION FOR SUMMARY JUDGMENT**

Plaintiff Organogenesis Inc. ("Organogenesis" or the "Company"), by and through its attorneys, submits this opposition to Defendant Russell Melcher ("Defendant" or "Melcher")'s Motion for Leave to File Second Motion for Summary Judgment (the "Motion"). The Motion should be denied because Melcher has not shown good cause and, if allowed, would require the parties and this Court to prematurely undertake a second round of summary judgment briefing before the conclusion of fact discovery. This would deprive the Company of a fulsome record to adequately oppose summary judgment and is unlikely to resolve the claims in the case. Courts in this District routinely reject requests for successive summary judgment briefing and the Court should do the same here.

*First*, the central premise of Defendant's requested motion summary judgment—that Organogenesis cannot establish damages without expert testimony—is incorrect as a matter of law and fact. Expert testimony is not necessary for all damages sought in this case. By way of example, disgorgement of the compensation that Defendant received while he was simultaneously acting as a double agent for Rogue in clear violation of his duty of loyalty can be established based on

1

documentary evidence and testimony. The Company produced information regarding the compensation it paid to Melcher and also received discovery from Rogue regarding its payments to Melcher. Taken together with the anticipated deposition of the Defendant, this evidence can provide sufficient grounds for the Company to compute damages without need for an expert.

*Second*, Defendant has already once moved for partial summary judgment and another summary judgment motion at this juncture is premature, prejudicial and inefficient. Discovery is ongoing and the Company has not yet had a chance to depose the Defendant, nor obtain the information required to fully construct its case for liability and damages. In addition to the financial burden that comes with briefing, requiring Organogenesis to oppose another summary judgment motion, before the conclusion of fact discovery, would deprive the Company of the opportunity to obtain the information it needs to properly contest such a motion. It would also unnecessarily delay the proceeding, including the completion of discovery and mediation, and be a waste of the Court's resources.

Should Defendant wish to submit another motion for summary judgement, the logical and efficient time to do so is at the close of fact discovery, as contemplated by the Third Amended Scheduling Order. *See* ECF No. 72. This will allow Organogenesis the opportunity to complete discovery and support its theory of damages on a fulsome record. It will also position the Court to adequately resolve all issues for summary judgment, including, Organogenesis's own potential motion summary for judgment.

## BACKGROUND

Organogenesis's Complaint against Melcher asserted claims for: (1) breach of contract based on Melcher's violation of his non-compete and non-solicitation agreements; (2) breach of contract based on Melcher's misuse of Organogenesis's confidential information; (3)

misappropriation of trade secrets under the Texas Uniform Trade Secrets Act; (4) misappropriation of Trade Secrets under the Defend Trade Secrets Act; (5) tortious interference with business relations based on Melcher's interference with the Company's existing and prospective business relationships; and (6) breach of the duty of loyalty based on Melcher's misappropriation of Organogenesis's confidential information while employed by the Company. ECF No. 1.

The parties began discovery in March 2024. In its initial disclosures, served on Melcher on March 13, 2024, Organogenesis estimated its damages were approximately $5 million and reserved "the right to amend and supplement its theory of damages" as it obtained additional information through discovery. ECF No. 75 at 32. The parties subsequently served discovery requests. Pursuant to the Company's requests, Melcher disclosed compensation he improperly received from Rogue while he was employed full-time by the Company. Organogenesis also produced, among other documents, Melcher's personnel files, which details his compensation while employed at the Company. Organogenesis retained the right to supplement or modify its responses and objections to Melcher's discovery requests prior to the close of discovery. Organogenesis also served subpoenas on Tides Medical and Rogue Medical, and after, much delay by Rogue, received its requested discovery the fall 2024. *See, e.g.*, ECF Nos. 38, 51, 61, 63, 68. Discovery from Tides and Rogue included information regarding payments Melcher received from each while employed by the Company. Organogenesis has not yet had the opportunity to take Melcher's deposition and discovery is ongoing.

Melcher filed a motion for partial summary judgment on September 25, 2024. ECF No. 56. According to the Scheduling Order, the parties must mediate this case before June 6, 2025. ECF No. 72 at 3. Further, fact discovery in this action closes on June 20, 2025, and summary

3

judgment motions (or other dispositive motions) are due by July 11, 2025. *Id.* at 4-5. On April 28, 2025, Defendant filed the Motion, seeking leave to submit another summary judgment motion.

## ARGUMENT

### I.   Relevant Standard.

Under Local Rule 56.2(b), "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." L.R. 56.2(b). The purpose of this rule is, in relevant part, "to control 'the number of summary judgment motions that can be filed without leave of court.'" *Moore v. City of Rowlett*, 2011 U.S. Dist. LEXIS 171360, at *3 (N.D. Tex. Jan. 13, 2011) (citation omitted).

Accordingly, the Court has discretion to grant a defendant leave to file a second summary judgment motion only "if the party requesting such relief *shows good cause* to do so." *Id.* at *3 (citation omitted); *see Cleary v. Am. Airlines. Inc.*, 2021 U.S. Dist. LEXIS 265389, at *3 (N.D. Tex. Nov. 24, 2021) (citation omitted).

### II.   Melcher Has Failed to Show Good Cause Exists to Grant the Motion.

Melcher has not established that good cause exists meriting leave to file a second summary judgment motion at this juncture. Courts in this District have consistently refused to find good cause exists where, as here, a defendant seeks to file multiple summary judgment motions before the end of fact discovery. *See, e.g.*, *City of Rowlett*, 2011 U.S. Dist. LEXIS 171360, at *3-4, *6; *Senior Living Props. LLC Trust v. Clair Odell Ins. Agency LLC*, 2005 U.S. Dist. LEXIS 16044, at *3-4 (N.D. Tex. Aug. 5, 2005); *Baylor Univ. Med. Ctr. v. Epoch Group*, 2004 U.S. Dist. LEXIS 33997, at *5-6 (N.D. Tex. Sept. 8, 2005); *Am. Airlines*, 2021 U.S. Dist. LEXIS 265389, at *3. The Court should do the same here and Melcher's arguments to the contrary are unavailing.

*First*, Melcher claims he should be allowed to file a second summary judgment motion because Organogenesis has not identified experts, and it has allegedly not "disclosed in discovery nor adduced any evidence or testimony . . . by which it might support the existence of its alleged damages." EC No. 75 at ¶¶ 18-19. This is wrong. Experts are not required to establish damages for all claims brought by Organogenesis. *See, e.g.*, *Allbritton v. Colonial Life & Accident Ins. Co.*, 2000 U.S. Dist. LEXIS 8437, at *13-20 (N.D. Tex. June 13, 2000) (concluding that plaintiff, as a lay witness, was allowed to calculate his past and future damages with no need for an expert because "it was nothing more than a matter of basic multiplication."); *Nursery Decals & More, Inc. v. Neat Print, Inc.*, 568 F. Supp. 3d 681, 704-05 (N.D. Tex. 2021) (ruling that no expert was needed where plaintiff "has provided a spreadsheet documenting its 'forecasted lost profits'" and explained his methodology for his damages estimates), *vacated on other grounds*, 2023 U.S. App. LEXIS 19826 (5th Cir. Aug. 1, 2023).

By way of example, in its Complaint, Organogenesis seeks disgorgement of the compensation he received while breaching his duties to the Company. ECF No. 1 at ¶¶ 89, 102. The evidence required to establish such damages is provided in Melcher's personnel file, which details the compensation he received from the Company and from documents produced by Rogue and Tides. Rogue's and Tides' productions contain numerous files bearing on the Company's theory of damages, including for examples, documents exhibiting the commissions Melcher received while working for the Company's competitors in violation of his duties. Accordingly, the Company can establish these damages using documentary evidence, testimony, and basic math.

*Second*, discovery is still ongoing in this matter. Organogenesis has not yet taken Melcher's deposition, and the parties have not completed document production. Pursuant to the Scheduling Order, Plaintiff still has over a month to complete Melcher's deposition and any

5

outstanding discovery, and it should be allowed to see this through. *See* ECF No. 72 at 4. The Court's consideration of another summary judgment motion at this premature juncture would deprive Organogenesis the opportunity to obtain the additional discovery necessary to oppose the motion. *See* Fed. R. Civ. Pro. 56(f).

*Third,* Melcher argues that the Motion should be granted "in the interest of judicial economy and to avoid trial." ECF No. 75 at ¶ 17. However, Defendant's argument is backwards, permitting a second summary judgment motion at this time would require Organogenesis and the Court to expend unnecessary resources on a motion that would be more properly considered at the close of discovery. Moreover, even if true (which it is now), Defendant's claim does not amount to good cause. The court, in *Clair Odell*, rejected this argument and concluded that it would not allow the defendant to file another summary judgment motion that would "cause further delay in completing discovery and participating in court ordered mediation." 2005 U.S. Dist. LEXIS 16044, at *2-4. The deadlines for discovery and court ordered mediation have not yet passed in this case and mandating that the parties brief another summary judgment motion would only cause delays with respect to these deadlines. *See* ECF No. 72 at 3-4.

## **CONCLUSION**

For the reasons set forth herein, Organogenesis respectfully requests that the Court deny the Motion and grant such other and further relief as the Court deems just and proper.

Dated: May 13, 2025

Respectfully submitted by,

**ORGANOGENESIS INC.**

By and through its attorneys,

/s/ *Leah S. Rizkallah*
Michael Rosen (*pro hac vice*)
Leah S. Rizkallah (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
mrosen@foleyhoag.com
lrizkallah@foleyhoag.com
Tel: 617-832-1000
Fax: 617-832-7000

Richard Biggs
Mullin Hoard & Brown, LLP
500 S Taylor, Suite 800, LB 213
Amarillo, TX 79101
rbiggs@mhba.com
Tel: 806-372-5050
Fax: 806-372-5086

## CERTIFICATE OF SERVICE

I hereby certify that, on the 13th day of May 2025, the foregoing document was electronically transmitted to the Clerk of the Court for filing via the Court's ECF System, and service of Notice of Electronic Filing was made to the ECF registrants shown below:

YOUNG FIRM, PC
Jeremi K. Young, TX SBN 24013793
905 S. Fillmore, Suite 101
Amarillo, Texas 79101
jyoung@youngfirm.com

/s/ *Leah S. Rizkallah*
Michael Rosen