IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ORGANOGENESIS INC., a corporation § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 2:24-CV-00006-Z |
| § | |
| RUSSELL MELCHER § | |
| § | |
| Defendant. § | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE SECOND MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Defendant Russell Melcher ("Defendant" or "Melcher"), by and through his attorney, files this Reply in support of his Motion for Leave to File a Second Motion for Summary Judgment on all of Plaintiff Organogenesis, Inc.'s claims against Defendant (ECF 75)("Motion") and respectfully shows the Court:

Plaintiff's opposition can be distilled into the following arguments:

1. Defendant's Second Motion for Summary Judgment would require Plaintiff to undertake briefing.

2. Plaintiff can establish some of its claimed damages without expert testimony.

3. Discovery is ongoing and Plaintiff hasn't had a chance to depose Defendant or obtain information to fully construct its case for liability and damages.

### I.   Plaintiff's Allegation of Financial Burden

4.   Remarkably, Plaintiff claims that additional briefing would be a financial burden, deprive it of the opportunity to obtain information it needs, and unnecessarily delay the proceeding.

5.   Plaintiff Organogenesis is a company with its corporate headquarters in Canton, Massachusetts with additional facilities in Birmingham, AL, St. Petersburg, FL and San Diego,

1

CA, employing more than 900 people. Organogenesis Holdings Inc. is publicly traded, reporting a net revenue of $86.7 million for the first quarter of 2025. www.organogenesis.com. Plaintiff can afford to pay its lawyers to respond to a summary judgment motion in a lawsuit it has filed.

## II.     Plaintiff's Cited Authorities

6.     One purpose of Federal Rule of Civil Procedure 56.2(b) is that it "enables the court to regulate successive motions that are filed after the court has devoted time and effort to deciding an initial motion and has identified issues that are not subject to summary disposition, but as to which the movant seeks a second bite at the apple." *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford,* 2007 U.S. Dist. LEXIS 46922, 2007 WL 1969752, at * 2 (N.D. Tex. June 27, 2007) (Fitzwater, J.). However, in certain cases, allowing a second motion for summary judgment will not unduly burden the court and the parties but may in fact save the time and expense of an unnecessary trial. *Id.* Defendant does not seek a "second bite at the apple." *See* Defendant's Motion[1]. Although Melcher filed his first Motion for Partial Summary Judgment on September 25, 2024, it was directed solely toward Plaintiff's claims for breach of contract related to the non-compete agreement, a question the Court could and did decide as a matter of law based on the terms of the contract. (ECF 56-58, 74).

7.     Plaintiff alleges that "Courts in this District routinely reject requests for successive summary judgment briefing," but offers no support for such allegation.

8.     Parties may show good cause to file a second motion for summary judgment, and courts, in their discretion, may grant leave to do so. See, *id*. at *2 (N.D. Tex. June 27, 2007)

---

[1] Melcher's request is not an attempt at a second bite at the apple. Rather, it has been precipitated by Plaintiff's (a) failure to respond to discovery, (b) failure to comply with the Court's scheduling order and applicable Federal Rules of Civil procedure, and (c) failure to designate witnesses to support its claimed damages. (ECF 75).

(granting leave to file a second motion for summary judgment because, in part, there was "no pending motion for which supplemental materials need (or can) be filed"). **This discretion "often turns on the specific facts and procedural history of a case."** *Harrison v. Wells Fargo Bank, N.A.*, 3:13-CV-4682-D, 2015 U.S. Dist. LEXIS 125541, 2015 WL 5547495, at *2, n. 4 (N.D. Tex. Sept. 21, 2015). [Emphasis added].

9. Plaintiff cites *City of Rowlett,* 2011 U.S. Dist. LEXIS 171360. However this case is inapposite as no summary judgment motion had been filed in that case. In fact, in *City of Rowlett*, the Court concludes its opinion with this statement:

> The Court **will certainly allow** parties to file additional motions for summary judgment upon a showing good cause, but requesting leave to file an additional motion **before even filing a first motion** is inappropriate.

[Emphasis added].

10. Plaintiff next cites *Senior Living Props. LLC Trust v. Clair Odell Ins. Agency LLC,* 2005 U.S. Dist. LEXIS 16044 (N.D. Tex., Aug. 5, 2005). Again, the facts of this case are not analogous and seem misrepresented in Plaintiff's response. In the Court's opinion, it concluded:

> The defenses asserted by COG were available to it at the time it filed its initial motion for summary judgment, and such defenses will be available at the time of trial. The court has been quite accommodating to the parties in their requests for extensions of time and amendments to the court's schedule for this case. Allowing a second motion for summary judgment will likely result in further delay.

11. The defenses Defendant Melcher asserts in his proposed second motion for summary judgment were not available to him at the time his first motion was filed. Although Defendant previously filed, and was partially successful on, a summary judgment motion on September 25, 2024, when that motion was filed Defendant could not have anticipated that Plaintiff would make no attempt to proffer a damages calculation, much less fail to designate witnesses or produce documents to support its alleged damages.

3

12. Plaintiff then cites *Baylor Univ. Med. Ctr. v. Epoch Group*, 2004 U.S. Dist. LEXIS 33997, at *5-6 (N.D. Tex. Sept. 8, 2005). This case too is readily distinguishable. Epoch had already filed three Motions to dismiss/for Summary Judgment and Baylor asserted that Epoch had refused to conduct any discovery whatsoever. Epoch had the choice to either file its motions prior to conducting substantial discovery or wait and file a dispositive motion after developing its defenses and theories. The defenses Epoch wished to assert were not lost through the denial of its request for leave. By comparison, Plaintiff Organogenesis's failure to designate an expert witness and to disclose its damages calculations have prejudiced the Defendant in the instant case who has been deprived of the opportunity to identify, retain and designate damages and/or rebuttal experts of his own.

13. Finally, Plaintiff cites *Am. Airlines,* 2021 U.S. Dist. LEXIS 265389. In this case, Defendant filed a Motion for Leave to file two motions for summary judgment **on the same date**. Defendant's cited good cause was for relief to resolve ongoing and costly discovery disputes. Its motion was not an appropriate way to resolve a discovery dispute.

**III.       Plaintiff's Allegations of its Damages and the Status of Discovery**

14. While the Plaintiff in this case may characterize Defendant's Motion as an attack by Defendant on Plaintiff's lack of diligence in responding completely to discovery responses as required, it is not Defendant's burden to prove Plaintiff's damages. Defendant is entitled to due process and notice of Plaintiff's alleged damages and the calculation and support of them. Defendant is entitled to notice in order to afford him the opportunity to hire an expert to defend and oppose Plaintiff's assertions and methodology.

15. Plaintiff filed this case on January 5, 2024 alleging:

> Breach of Contract – Non-Compete and Non-Solicitation Clause
> Breach of Contract – Misuse of Confidential Information

4

>Misappropriation of Trade Secrets Under the TUTSA and DTSA
>Tortious Interference with Business Relations
>Breach of Duty of Loyalty

(ECF 1).

16. Of importance to this Motion is Plaintiff's assertion of damages for "**lost revenue and profits**," "loss of business and customers and loss of reputation and goodwill," "actual damages including but not limited to **lost profits**," and "**lost revenues** from ongoing and future business with existing and prospective customers." (ECF 1, ¶¶ 73, 88, 89, 101, 108).

17. In its Response to Defendant's Motion, Plaintiff apparently concedes that expert testimony is needed for its damages alleged as lost profits: "Expert testimony is not necessary for **all** damages sought in this case." (ECF 77, p. 1). [Emphasis added]. Plaintiff provides "by way of example" that it seeks disgorgement of compensation it paid to Melcher.[2] If, as Plaintiff states, the evidence is established by Defendant's personnel file and documents produced by Rogue and Tides "bearing on the Company's theory of damages" and the "Company can establish these damages using documentary evidence, testimony, and basic math," why hasn't the Plaintiff amended and/or supplemented its discovery responses and disclosed that to the Defendant?

18. Plaintiff further alleges that the "anticipated deposition" of the Defendant can provide sufficient evidence, with unidentified documentary evidence, to compute its damages. Plaintiff states that this fact, that it has not deposed Defendant, is Plaintiff's "good cause" to oppose Defendant's motion. Plaintiff asserts that it "still has over a month to complete" Defendant's deposition. Time has long since passed for the Plaintiff to compute its damages and disclose that information to Defendant. Additionally, this argument is disingenuous. The Plaintiff has never

---

[2] Plaintiff provides no authority that disgorgement of compensation paid to its own employee is an available remedy.

requested the deposition of the Defendant, even as of the date this Reply is filed and with only one month left for discovery to be conducted. *See* Third Amended Scheduling Order. (ECF 72).

19. Plaintiff has neither disclosed in discovery nor adduced any testimony by which it might support the existence of its alleged damages.

20. Instead, in its response to Defendant's Motion, Plaintiff alludes multiple times to mediation--a mediation ordered by this Court and for which Plaintiff has neither proposed a mediator or any proposed dates on which to conduct the mediation.[3] The mediation deadline was also set in the Court's December 2, 2024 Third Amended Scheduling Order. The deadline for mediation is June 6, 2025, fewer than two weeks from now. *See* Third Amended Scheduling Order. (ECF 72).

21. Plaintiff filed this case on January 5, 2024. Plaintiff admits that discovery has been underway since March 2024, more than one year. (ECF 77, pg. 3).

22. Plaintiff stated in its Complaint that it suffered damages "upwards of $5 million in **lost profits**" and sought damages "in an amount exceeding $75,000 and to be proven at trial," seeking compensatory and punitive damages, permanent injunctive relief, and attorneys' fees and costs. (ECF 1). Then, on March 13, 2024, Plaintiff served its Rule 26(a)(1) Disclosures claiming damages estimated at $5,000,000. (ECF 75, Exhibit 1, APPX 5 "Computation of Damages").

23. On March 22, 2024, Melcher served his First Set of Interrogatories and First Request for Production to Plaintiff.

24. On May 13, 2024, Plaintiff served its Objections and Responses to Defendant Melcher's First Interrogatories to Plaintiff and its Objections and Responses to Defendant's First Set of Requests for Production. Plaintiff did not disclose any damages calculations in response to

---

[3] Defendant is prepared to participate in mediation on or before the deadline in compliance with the order of the Court.

6

applicable damages-related discovery. (ECF 75, Ex. A). In Texas, although there is no one correct method for calculating lost profits; however, once a party has chosen a particular method, "recovery of lost profits must be predicated on one complete calculation." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 85 (Tex. 1992). Plaintiff has provided no such calculation.

25. On December 2, 2024, the Court entered the Third Amended Scheduling Order. As part of this Scheduling Order, parties **opposing** affirmative relief were required to designate expert witnesses on or before March 21, 2025, and comply with Fed. R. Civ. P. 26(a)(2) on or before April 18, 2025. Additionally, any party who intends to offer expert evidence "intended solely to offer contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)( B) or (C)" must designate expert witnesses and otherwise comply with Rule 26(a)(2) expert witness reports on or before May 16, 2025.

26. Plaintiff has a general duty to prosecute its case. *Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Plaintiff argues that it needs the Defendant's deposition to finalize its damages calculations, but has never asked for it. Plaintiff argues that Defendant's filing a second motion for summary judgment is premature because discovery is not complete, but no discovery requests are outstanding and discovery will close before the second summary judgment motion, if permitted, even becomes ripe for the Court's consideration. Plaintiff has failed to diligently prosecute its case.

27. Any delay that the Plaintiff cites as its reason for the Court to deny Defendant's Motion has been occasioned by Plaintiff.

## PRAYER

For the above-stated reasons, Melcher requests this court grant him leave to file a second motion for summary judgment on all affirmative claims alleged by Plaintiff and award him all other relief the court deems appropriate.

Respectfully submitted,

**YOUNG FIRM, PC**

By: /s/ Jeremi K. Young
Jeremi K. Young, TX SBN 24013793
905 S. Fillmore, Suite 101
Amarillo, Texas 79101
Tel: (806) 331-1800
Fax: (806) 398-9095
E-mail: jyoung@youngfirm.com

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 20th day of May 2025, the foregoing document was electronically transmitted to the Clerk of the Court for filing via the Court's ECF System, and service of Notice of Electronic Filing was made to the ECF registrants shown below:

Richard Biggs
Mullin Hoard & Brown, LLP
500 South Taylor, Suite 800, LB 213
P.O. Box 31656
Amarillo, Texas 79120-1656
E-mail: rbiggs@mhba.com

Michael Rosen
Leah S. Rizkallah
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2699
Email: mrosen@foleyhoag.com
lrizkallah@foleyhoag.com

COUNSEL FOR PLAINTIFF

By: /s/ Jeremi K. Young
      Jeremi K. Young